JOSEPH A. CAPUTO, PETITIONER-APPELLANT, v. THE
BEST FOODS, INC., RESPONDENT-APPELLEE.

Hudson County Court
Law Division

Decided October 9, 1953.

*Mr. David L. Maltz* for and of counsel for the appellant.

*Mr. James J. Skeffington* for and of counsel for the appellee.

ZIEGENER, J. C. C. This is an appeal by Joseph A. Caputo, petitioner, from the determination of facts and rule for judgment entered on May 21, 1953, in the New Jersey Department of Labor and Industry, Division of Workmen's Compensation against Best Foods, Inc., the respondent, awarding petitioner $2,225 for temporary disability, $11,-250 for permanent disability of 100% until December 15, 1959, after which payments are to continue in accordance with *R. S.* 34:15-12, subject to physical or educational rehabilitation. By the said judgment the Division of Workmen's Compensation refused to direct respondent to pay petitioner $6,829.50 paid by a third party to respondent to cover $3,829.50 for medical bills and $3,000 for compensation payments up to the time of settlement by third party with petitioner; and said judgment denied petitioner counsel fees and the payment to petitioner by respondent of the sum of $10,000 attorney's fees paid by petitioner to his attorneys in the third party action, which is the basis of this appeal.

The respondent contends that petitioner was not entitled to counsel fees on his awards for temporary and permanent compensation because upon the happening of the accident respondent admitted liability and paid the petitioner the compensation provided for by the statute; that since the third-party recovery exceeded the total compensation award it was entitled to the $6,829.50 out of the third-party settlement; that petitioner was not entitled to be paid by the respondent the $10,000 which he paid his attorney in the third-party action.

The petitioner suffered the accident on September 1, 1949 during his employment by respondent, and was injured while using a pressure gauge to measure oxygen passing into a trailer truck when the gauge exploded in his face causing total blindness and other injuries, totally disabling him, for which respondent promptly admitted liability and subsequently without contest paid him $3,000 for compensation and expended $3,829.50 for medical expenses on petitioner's behalf. Shortly thereafter petitioner made a settlement with

the third party, which was the American Chain and Cable Company, charged with the liability for the accident, in the sum of $60,000, out of which petitioner's attorney in said suit received a counsel fee of $10,000 and respondent was reimbursed for the $6,829.50 it had thereunto paid for compensation and medical expenses, making a total deduction of $16,829.50 and leaving for petitioner the balance of $43,170.50.

The award is at the rate of $25 per week, so that the net sum received by petitioner would cover a period of about 33 years, and being 49 years old now he would be 82 years old if he survives the payments; and if he does he will be entitled to receive further payments of $25 per week under the statute if he has not been rehabilitated by then. Since the total award for temporary and permanent disability, $13,475—$2,225 temporary and $11,250 permanent—petitioner has definitely received a sum greatly in excess thereof, so that R. S. 34:15–40 does apply and respondent is entitled to be released from liability under the specific award although it will be required to continue payments in the future if he survives and is not rehabilitated when the weekly payments exceed the amount he had received from the third party.

R. S. 34:15–40 provides in part:

"Where a third person or corporation is liable to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from the said third person or corporation, any sum in release or in judgment on account of his or its liability to the injured employee, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.

(A) The obligation of the employer or his insurance carrier under this statute to make compensation payments shall continue until the payment, if any, by such third person or corporation is made.

(B) If the sum recovered by the employee from the third person or corporation is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer

or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

(C) * * *."

In rendering the judgment below the court, after awarding petitioner $11,250 for total permanent disability, being 450 weeks at $25 per week, added that after the expiration of said period of time payments shall continue in accordance with the provisions of *R. S.* 34:15–12, subject to physical or educational rehabilitation. The petitioner would have been entitled to the benefits of *R. S.* 34:15–12, even if the deputy director of the Compensation Division had not specifically included them, so that the award in this case must be considered as the $11,250 awarded for the 450 weeks, and not the additional weeks that petitioner might be entitled to thereafter, even though it is true that the judgment is presently binding on the respondent as to any payments that might be due after the 450 weeks.

It appears clearly to this court that it was the intent of the Legislature in passing *R. S.* 34:15–40 that the amount to be considered as the award in determining whether the employer should be reimbursed where recovery was had from the third person was the maximum amount awarded under *R. S.* 34:15–12, exclusive of the payments that might become due because of continued permanent disability after the submission to rehabilitation. It would be too indefinite to rule otherwise in this case, first because petitioner who is 49 years old now and permanently disabled does not have an expectancy of life of anything approaching 82 years of age, which is what his age would be about if he is living when the $43,170.50 is used up at $1,300 per year. The expectancy of life of a man of 49 years in fair health as shown in the tables is 73 years. Secondly, if petitioner does survive this period of time, the respondent and the insurance carrier who it is presumed will still be in existence will have to resume payments if petitioner is entitled to them. And lastly, there is the slight probability that peti-

tioner will be rehabilitated and earning $25 a week at that future time.

The difference between the compensation allowed for the statutory maximum of 450 weeks and that to follow thereafter is that the first is definite and not contingent, while the remainder is indefinite and contingent and subject to be defeated. The compensation for the 450 weeks is a certainty, while the other is not only indefinite but also unlikely to become due, so that if respondent repay petitioner the difference of $6,829.50 which it received from the third party and pay petitioner the $10,000 attorney's fee which he paid his attorneys in the damage suit against the third party, which is a total of $16,829.50, and petitioner dies before attaining the age of 82 years he will have been unjustly enriched. Surely this was not the intention of the Legislature in adopting this legislation, wherein employees were to be compensated for injuries and disability irrespective of the absence of any negligence on the part of the employer.

In *U. S. Casualty Co. v. Hercules Powder Co.*, 4 *N. J.* 157 (1950), our Supreme Court considered the application of *R. S.* 34:15–40 and said at *page* 165:

"There is retained for the benefit of the injured employee or his dependents the benefit of his common law action against such third party in which the application of the common law rule for the assessment of damages may result in a recovery of an amount in excess of the total amount of the compensation awarded according to the statutory formula prescribed by the act. At the same time the evil of the old law is obviated by providing for the reimbursement of the employer or his insurance carrier out of the proceeds of any such recovery from or settlement with the third party tortfeasor."

To uphold petitioner's contention in this case would result in the nullification of *R. S.* 34:15–40, since under *R. S.* 34:15–12 it is provided that in all cases of disability total in character and permanent in quality weekly payments shall continue during the period of disability following the maximum payments provided for by the statute. It would result in holding that in all such cases no reimbursement could be made to an employer until the expiration of the

statutory period. This would not be a rational interpretation of the statute consistent with its manifest purpose. *Central Railroad Co. of N. J. v. Director, Division Tax Appeals of Department of Treasury*, 8 *N. J.* 15 (1951).

██ This brings the court to petitioner's application for the payment to him by respondent of the $10,000 disbursed by him as attorneys' fees in the third-party action and $200 expenses of suit, which is the second point in his brief. There is no legal basis for this claim as it is no part of the compensation proceedings. Petitioner cites *R. S.* 34:15–40 as amended June 5, 1951, which provides for release and reimbursement "less employee's expenses of suit and attorney's fees as hereinafter defined." However, this would not apply to the situation in this case since the net amount which petitioner received from the third party exceeded the maximum certain award under the statute which was $11,250, while he received $43,170.50 after the payment of the $10,000 attorney's fee. The purpose of the said provision of the statute was to give the employee the credit for attorney's fees and expenses where they reduced the amount received below the statutory award.

The respondent has no interest in this payment and the Compensation Division does not have jurisdiction in the matter. It appears to this court that the attorney's fees so paid by the petitioner to his attorneys in the negligence action were voluntarily paid by him. The respondent was in nowise benefited by this payment, and to rule that it should reimburse petitioner would be unlawfully assessing it with compensation not provided for by the statute, and not due to petitioner.

The final point raised by petitioner is for the payment of counsel fees for services in the Compensation Division. There is no question in the case, for it appears clearly that the accident occurred on September 1, 1949, and that immediately thereafter respondent admitted liability and made the payments required by the statute. It had paid petitioner the temporary and permanent compensation due him up to the filing of the petition and had furnished him with the re-

quired medical care and treatment until the settlement and disposition of the third-party claim.

Therefore, since the respondent did within a reasonable time, prior to any hearing, offer and pay compensation and medical bills as required by the statute which in this case is the sum of $6,829.50 which respondent had paid petitioner for compensation and medical bills, and which had been returned to it out of the proceeds of the third-party settlement, no counsel fee can be allowed on said sum. R. S. 34:15-64.

This disposes of the three questions raised by petitioner in this appeal, and this court therefore orders that the determination of facts and rule for judgment entered in the Division of Workmen's Compensation on May 21, 1953, be and the same is hereby affirmed and the following judgment will be entered in this court:

(1) Judgment in favor of Joseph Caputo, the petitioner and against Best Foods, Inc., the respondent, for temporary disability compensation heretofore paid, or $2,225 for 89 weeks at $25 per week;

(2) Judgment in favor of said petitioner and against said respondent for permanent total disability for 450 weeks at $25 per week or $11,250, and it is further ordered that at the expiration of the 450-week period, that is on or after December 15, 1959, payments shall continue in accordance with the provisions of R. S. 34:15-12, subject to such physical or educational rehabilitation as may be ordered by the Rehabilitation Commission, and subject to periodic modifications as provided by the provisions of this act;

(3) Petitioner is denied counsel fees for services in Division of Workmen's Compensation;

(4) Petitioner's application for reimbursement from respondent of either the $6,829.50 received by it from third party under R. S. 34:15-40, or the $10,000 counsel fee paid by petitioner to his attorney in the third-party negligence suit, is denied;

(5) Stenographic fees will be paid by respondent.